Good morning, your honor. I'm Daniel Rosenfeld, counsel for the appellant Joanne Goodluck. Good morning, counsel. Ms. Goodluck comes to federal court not as the injured party, but rather as the entity responsible for payment of the government's medical claims. Throughout the briefing, the government keeps saying, correctly, that they can't sue the injured party under the Federal Medical Care Recovery Act. And that's true, but it's not relevant, because here she's indemnified the insurance company, and the government certainly can sue her directly as a third-party beneficiary, and also under the statute which has been amended in 1996, as the United States points out. We have a declaratory judgment case here. That's right. Does this case expose the government to financial responsibility? Not at all, your honor. Or could result in any way in compelling the payment of damages? There is in no way is the plaintiff seeking money from the United States, simply a declaration that the United States is not entitled to her money. Are you conceding, are you making a formal concession that the government is entitled to sue Goodluck as an indemnitor, even though it's not entitled to sue her as an injured party? Yeah, I am. And I want to talk about that. Wait, before you talk about that, let me ask you about something that was on my mind. As I understand it, the threat the government makes is to sue State Farm, and the problem that Goodluck has is she has promised to hold State Farm harmless. That's correct. So Goodluck is seeking a declaratory judgment that would establish that the government cannot sue State Farm. Is that right? Well, she's seeking a declaratory judgment that the government has no right. At the time the suit was brought, it was against State Farm, but she's really seeking a right that protects her from any claim the government may have. Now, what I read was just the record, and I thought what the record established was that the threat to her that is what gives her standing to sue is that the government proposes to sue State Farm, and she has promised to indemnify State Farm. Have I got that wrong? That's correct. That was the status of the record at the time the suit was brought. But it's also true on the record. What are we supposed to look at? Are we supposed to look at the status of the record at the time the suit was brought, or are we supposed to look at something else? Well, the record hasn't changed, Your Honor, because at the time the suit was brought... Why are you telling me all this other stuff that's not in the record? It's in the record. She had indemnified plainly. She had indemnified State Farm. That's in the record. Well, wait. I thought she had not indemnified them because the government had not sued them yet. The problem was that she had promised to indemnify them for any damages that they were required to pay the government. She had contracted with State Farm to hold them harmless from any claims the United States might bring. Yes. That's what I just said. Okay. And... I'm getting lost in your argument. I thought I understood the case, and now I don't. But... Because you said the status at the time the suit was filed is different now, and I can't tell whether you're saying it's materially different. Well, there is one thing that's happened, and that's the three-year statute of limitations has run on tort claims, and that's pointed out in the briefs, but it has not run on contract claims. And so that is pointed out, and by the passage of time, that has changed. But I would ask the Court to look to the line of cases which say when you have an issue that's likely to recur, it's taken us almost three years to get here, and this involves not just Ms. Goodluck, and this is not an unusual case, this is the everyday case in the personal injury practice, we need to get some clarification on the meaning of the Federal Medical Care Recovery Act and what the rights are of the parties. Okay, but the specific issue in this case is whether the Court properly dismissed this case for lack of jurisdiction. That's correct. Help us with that. And as the indemnitur, she stands in the shoes of State Farm. State Farm was threatened. State Farm called upon her to step in there and deal with the United States, and she did. And that's what she was required to do. Because of that, she has an injury, in fact. And, yes, it might be a two-step process, but still she has that right. And further --" Okay, assuming she is standing, we still have the sovereign immunity issue. Under the Administrative Procedure Act, she's a person aggrieved, and --" What's the agency action that she's aggrieved by? She asked them to waive their claim under the Federal Medical Care Recovery Act in the record, and they did not act, did not respond. And further, she affirmatively also in the record, in the complaint, explained why they had no claim and, again, no action. So under the Administrative Procedure Act, we believe she is a party aggrieved. And further, at the time the suit was brought, the government could have sued her directly. Even though it had not threatened to sue her directly as the injured party, it could have sued her directly as the indemnitore. It didn't, but it could have. And that alone should have given her standing. The statute of limitations is --" Okay. That's what I --" this is how I see it. They point out that the three-year statute based on tort would bar the claim against State Farm. I think that's right. I think possibly the government could sue her under the contract theory under the Cochran case, which we cited in our brief. Well, she doesn't have a contract to repay the government. She only has a contract to indemnify State Farm. So the government has to have a good claim against State Farm to get into her pocket. That's true. But because she has assumed the responsibility via contract with State Farm, whatever the contract may be, I believe the government could now proceed directly against her under the statute. I hope you'll say otherwise. But she would just be standing in the shoes of State Farm, wouldn't she? No. I think the statute now has been amended, as is pointed out in their brief, so that the government now has a direct claim against the entity responsible. And if she's become the entity responsible by reason of contract, it may be that the six-year statute applies, or it may be that the nature of their claim is based in tort, so the three-year statute applies. Well, I'm trying to figure out why these State – if the government actually sued State Farm and got a judgment against State Farm, I can see where she – her safe, harmless agreement would come into effect and she'd have to pay State Farm back. But if the government hasn't sued State Farm, but they might, isn't this kind of speculating, somebody hollering before they're heard? Your Honor, no, it's not. I'm glad you asked that. This is the typical case. I mean, right now, this case was settled with State Farm, and she's holding the money because she knows that she may be called upon to account for it. She can't spend it on her daughter. There's about $7,000 out there that the government wants back from – That's right. How much is this litigation going to cost by the time it gets through with all these courts? Well, the problem is if this were the only case, it certainly – It doesn't sound like it's cost-effective. She'd be wasting your time and our time, over $7,000. Your Honor, in our firm right now, we have more than 50 cases with related similar problems. This is just our one firm. A lot of underinsured Indians running around in Arizona. Right. We represent primarily Native Americans. There's virtually no jurisprudence in this circuit. We're not the only ones who practice in this area. I was just wondering what are you doing here, but I guess maybe we are – Okay. So this is sort of a test case for a whole out there we don't know anything about. The way I remember PI work, when you owe money to the U.S. government and you're trying to settle a case, you can never get them to respond to letters or compromise on their subrogation claim, and so you often just wind up doing a deal with everybody else with a hold harmless agreement. That's right. That's the common thing. Is that what it is? Yes, it is. Now, but what's happened – They don't answer their mail, and no one who answers the phone has any authority. Usually that's the – no, I'm being fair. You haven't had that bad an experience? We've had some bad experience with certain offices. Other offices have been wonderful to work with, so I don't want to say that – but, yes, we've had a lot of bad experience with certain offices. The other problem, Your Honor, is because of this, because of this right that's hanging out there, we find that we cannot now settle a number of cases which should be settled, which are easily settlable. So what we need and why we're here and why the case is important is we need some clarity on what the rules are, what the remedies are, how we can sort these things out and get it done, and I hope that the court won't say that this is moot. We hope that you will decide on the merits, whatever's before you, and give us some direction. All of us who work in this field would be very helpful. I reserve the remainder of my time. Thank you, counsel. Thank you. We'll hear from the Secretary of Health and Human Services. May it please the Court, I'm Jim Hare from the U.S. Attorney's Office in Phoenix, representing the defendant appellee's secretary. Counsel, it looks to me as though this isn't just speculative. She's got a nickel-dime settlement for what would ordinarily be a seven-figure case, a brain damage case, and it looks like the money can't be spent to take care of her until they find out whether the government's going to take it. Well, that's based on incorrect legal analysis of this case. Under the Federal Medical Care Recovery Act, the government cannot go against the injured party. No, but it can go against State Farm. It certainly can. And she has a duty to indemnify State Farm. Against the tortfeasor or the tortfeasor insurer or both. She has a duty to hold State Farm harmless. And they made that agreement without ever contacting the government. Both State Farm and plaintiff's counsel knew or should have known that there could be Medical Care Recovery Act liens lurking out there. Now you're not saying that what I suggested to you is not so. You're suggesting it is so, but it's their fault. I'm saying that they could have alleviated this situation. He's looking for guidance, and I'm not sure this is the case to provide it in, but we could discuss that in the sense that if they could have then alleviated the situation by giving the government 100 cents on a dollar, even though they're taking a nickel on the dollar for the little girl, and they could alleviate it now the same way. But that's probably not the way they want to alleviate it. They could have followed the Conkerham case analysis, if you will, that he relies on with respect to the six-year statute of limitations. There the injured party sued the tortfeasor and got a settlement, and they set aside some money while the injured party negotiated with the VA to figure out how much out of that settlement fund was going to be paid, or the $20,000 set aside was going to be paid to the VA. Now, they could have at least written and contacted HHS and said, Hey, we've got this suit here. Give us the amount of your claim, and let's negotiate. How does whether it's their fault for not trying to negotiate with you have anything to do with how we resolve the case? It doesn't, because here's the problem. Here's the situation, Judge. There's no basis for subject matter jurisdiction, and the district court was absolutely correct in denying it. There's no under 1331. There's no waiver of sovereign immunity, and she does not bring herself within the This is a 702 APA case. Yeah, it looks like she's just petitioning for review of an agency action. There's no jurisdiction under the APA either for these reasons. First of all, she's not suffered a legal wrong because of agency action. There's no agency action against her here. The agency action was to make a demand on the tortfeasor's insurer. She's not subject to a lawsuit because she has suffered no wrong because of agency action or inaction. Secondly, she, by its own terms ---- I have a question about that first step. You say the party that suffers is State Farm, not her. She has no standing. The agency action doesn't harm her. That's correct. It seems to me that by analogy to Miller Act cases, that has to be wrong. The bonding company has standing because of its duty to indemnify, and it seems like the little girl here is just like a bonding company in a Miller Act case. No, because under the Medical Care Recovery Act, the United States cannot go against the injured party. And if you have a settlement fund or a judgment that's been dispersed and the monies are in the injured party's hands, that's it. The United States cannot go against her. It can go against State Farm. If they go against State Farm, she has a legal duty to hold them harmless. So she is going to be paying for a lawyer to defend State Farm, and she is going to be paying any judgment that's rendered against State Farm. Maybe. That would be a matter of State law under the indemnity clause. Her defense would be that under the Medical Care Recovery Act, State Farm had an obligation, as did her attorney, to make sure there were no liens out there lurking under the Medical Care Recovery Act and did not. The fact that it may be her fault, as you argue, does not affect whether she has standing. It may have some bearing on the equities of the situation at a later adjudicatory stage, but whether it's her fault that she gets left holding the bag or not, what affects standing is whether she gets left holding the bag. I believe under the Medical Care Recovery Act, the fact that the United States cannot go against the injured party does affect her standing and means that there's no injury, no agency action against her. But a second reason is. So we have standing but no jurisdiction? Is that what you're saying? I don't believe she has standing for the reasons I've stated. Also, what you've got here is not. It's the declaratory judgment involves money. It does not involve relief other than money. It involves money, and the API by its own terms does not apply to claims for money damages. But she's not making a claim for money damages. She's making a claim. She doesn't want a nickel. She just doesn't want money taken from her. And that precisely involves money damages. Wait. The APA is not worded as involves, as I recall, but I've got it right here. Tell me what to look at. I've got 702. It seems to me that if you're claiming money damages from the Federal Government, then you go under the Tucker Act and not the APA. But here she's not claiming money damages. She doesn't want a penny from the Federal Government. She just wants them not to take her money. It says seeking relief, Section 702, seeking relief other than money damages. Yeah, well, she is seeking relief other than money damages. It doesn't say seeking relief that in no way involves money damages. It says seeking relief other than money damages. She's not seeking money damages. She's seeking a declaratory judgment that she doesn't have to pay money to you. She's not seeking money damages from your client. I believe, Your Honor, that the way that the cases have interpreted the APA, they support our position. We brief this in our briefs. But there's a third reason why the APA claim cannot be before this Court. She didn't raise it in the complaint. She raised it in the Rule 59e motion. Under this Court's cases, particularly Morongo Band v. Mission Indians, if the allegations of subject matter jurisdiction do not appear in the complaint and do not appear at the outset of the case, the district court must dismiss for lack of subject matter jurisdiction. She didn't raise it until after the district court had dismissed the case granting the government's motion to dismiss for lack of subject matter jurisdiction. She raised it in the 59e motion. It's too late. Now, there is no jurisdiction here. But the fact is that this case is moot. And the reason is that the six-year statute of limitations does not apply. And it does not apply because we do not have a situation here that falls within the Cockerham case. That case, as I said before, there was an explicit third-party beneficiary clause in the settlement agreement benefiting the VA. Here, we don't have that. They went ahead and settled, dispersed the funds without ever contacting HHS, and before HHS made its claim on State Farm, and which that is an independent right under the Federal Care Recovery Act, has no bearing. The parties, the injured party and the injured party versus the tortfeasor and insurance of the tortfeasor, if they settle, it doesn't have any effect on the government's right under the Federal Medical Care Recovery Act for the United States to go against the tortfeasor or the insurance. I don't understand what you just said. Are you saying that it's moot because the statute of limitations is run? I'm saying it's moot because the three-year statute of limitations is run, because that applies in this case. There's no contract. The government's not the beneficiary of a third-party clause in the settlement agreement. Are you in a position to where you can make a formal concession and stipulation that the government will not sue State Farm? I am, Your Honor, for this reason. When this case was briefed and the brief was submitted to this Court, it was not. It was not moot. The last date in which the government, as we explained in our brief, could sue the government, sue State Farm, was August of 2004. In preparing for this case yesterday, I dealt with that and came to the realization that the statute had passed, the statute had expired, that the contract six-year statute of limitation does not apply because the Cockerham situation is not involved here. We've got only a tort, no third-party beneficiary right to the United States, and the United States has no claim against State Farm. Are you prepared to submit a written undertaking that the government considers itself barred and have covenants not to sue State Farm for the medical reimbursement? Yes. I make it because that would, without question, moot out the case, wouldn't it? And any payment over by State Farm, which is highly unlikely, would be simply voluntary, and I don't believe it can go against the plaintiff on the indemnity clause for a voluntary payment. Have you and opposing counsel been in touch with the mediation office of this Court at all about possibly formalizing what you've just said? Because that obviously moots this case if in fact such an agreement or such a statement is filed. As I said, Judge O'Scanlan, this has happened over the course of the case, and I didn't focus on it until yesterday. So I don't know whether at the outset we were invited to contact the settlement officer. We did not do so. Okay. But should we just defer submission to give you a chance to submit either a joint statement or a written covenant not to sue, so that we can then determine that it's moot? If that's your requirement, my word is my bond, Judge. Why don't you finish your argument, and then we'll hear from Mr. Rosenfeld. The district court was correct. There's no jurisdiction under 1331. There's no jurisdiction under the APA. In addition, for all the reasons I've stated, there's no jurisdiction under 2201, because that's not an independent grant of jurisdiction. There's no waiver of sovereign immunity. The district court correctly denied the motion for reconsideration under 59E. It does not satisfy the requirements for that set down by this Court. And there's no way that the plaintiff can amend the complaint to get around sovereign immunity and establish a basis for jurisdiction. So the district court was properly, was correct and properly denied that Rule 59E motion and dismissed for lack of subject matter jurisdiction. Thank you, counsel. Thank you. Well, Mr. Rosenfeld, we've got a few things to talk about now. All you really want is what you would get with a covenant not to sue, which they're willing to give you. Isn't that the end of it? Well, that isn't entirely what we want. We'll take that, and we're happy to have that, yes, Your Honor. But we have 50 other cases in our firm, and we do want that. Well, we have to have a case that's viable before we can make law for the other 50. And if this is going to be mooted, why, that's the way it is.  Well, I think there's a body of law. I thought you were representing this little girl, good luck, rather than the other 49 clients in this court today. No, we're happy to have the stipulation, and we accept that. But at the same time, the issues about jurisdiction, and there's a body of United States federal law that allows the court to, notwithstanding the mootness, to go ahead and address the merits, and I'm hoping that the court will do so. Formalized dicta? I'm sorry? Formalized dicta? Is that what we're? We'll say this is dicta. Right, yes, that would be fine. That would be fine. I did want to, I do want to address a couple points, and yes, I do accept that, because that helps. It does not solve every issue in the case. In the complaint, there was threats made by the agency, and they're reflected in the complaint, to make a claim under the uninsured motorist or underinsured motorist provisions, which are not under the Federal Medical Care Recovery Act. Those are contract claims, insurance contract claims, as a third-party beneficiary. And, again, the complaint. I can't speak for my colleagues. We don't confer before these cases. But to me, it seems like all that's in front of me is the good luck case. That's the good luck case. And it seems like if the government's willing to promise to keep its hand out of good luck's very small pocket in this brain damage case, I would think that would be the end of it. And these other claims really aren't in this case. They may be somewhere out there, but the only issue here, is it not, is the Federal Medical Care Act? Well, it's in our complaint. Their stipulation was not to sue State Farm. This is really funny. I've been trying to figure out why you keep saying, oh, but they can still nail us in a different way. And now I realize it's to get some law in the books that will help the 99 other clients with similar problems. And I can understand that, but it seems like it's just not before us, if they give you a broad enough covenant. If they give us a broad enough covenant, that's true. It is in the complaint in this case, in good luck's case. It's not in some other case. But, yes, if they'll give us a broad enough covenant. Decline to do so? No, I think he means a broad covenant covering the good luck case. What he wants is, you're not going to take any money from good luck, no how, no way. Or State Farm, where she has to indemnify him. Is that right? Oh, wait a minute. I thought you were covenanting not to sue State Farm in good luck's case. All right. You may be seated, Mr. Hare. Thank you. Why don't you finish your presentation, and then when we confer the judges will decide what the next step in this case will be. Okay. I do think there's some misapprehensions of law that have been stated. Again, I accept that. But I do want to address the statute because, frankly, I misread it. The statute now with respect to jurisdiction? The Federal Medical Care Recovery Act statute, which I have been looking at for 15 years and have not read it carefully. Okay. But the only issue in this case is, was the trial judge correctly threw this out on sovereign? Right. But the question then is, under that statute, could good luck have been sued? And the statute, as amended, now has language which says that the United States, to enforce a right under the Act, under subsection A, may now sue, could not before but now, may institute and prosecute legal proceedings against the entity responsible for payment or reimbursement. The statute now has that right against entities responsible. Well, let me ask you, if the statute of limitations has run against the United States in suing State Farm on the good luck recovery, on the money that the government advanced for health care to the good luck people, if that is dead because the statute has run on it, then it doesn't matter whether the trial judge was right or wrong in talking about government immunity or anything else, because maybe there was Article III jurisdiction in the district court when he threw the case out of court. And he may have been wrong in saying sovereign immunity, you lose. He could have said no standing, you lose. But he didn't. He said sovereign immunity, I guess, or he said something as well-taken, which absorbs the sovereign immunity, which was argued. But that's all gone now because we have no Article III jurisdiction even to be talking about this case. If the statute ran in August of last year, the case is moved. It's dead. And we don't have a case for controversy, a live case for controversy. And we've been told by the Supreme Court dozens of times, don't go around issuing dictum about things that are moved. So we're out of court. All right. That is the general rule. But could you have an answer to that? I recall in law school and since then reading a whole bunch of cases, including Supreme Court cases, that said recurring issues. Well, that's your Southern Pacific recurring and evading review. But nobody pleaded that in this case. Well, that's what I'm suggesting is the case here. Right. I don't really see why this would be capable of repetition yet evading review. It's just by chance in this case the government let the statute pass. Well, it's hard to get here in three years. That's right. All right. Thank you. Thank you, counsel. Well, the case just argued will be deferred submission pending conference by the court. Counsel should anticipate the filing of an order which will have some detail in it in terms of where we go at this point. If the proposal of the government is not reduced to writing, then, of course, the case will have to be submitted. But for the interim, I suggest that counsel start consulting with each other and trying to identify just what kind of a showing would be necessary to satisfy the concern of the court that this case indeed is moot. The court will now adjourn. Thank you. Thank you.
judges: Goodwin, O'scannlain, Kleinfeld